IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOSE MORENO SANCHEZ,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | CASE NOS. CR F 06-0419 LJO and CV F 09-0357 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>(Doc. 176.) |

## INTRODUCTION

Defendant Jose Moreno Sanchez ("defendant") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 petition on the record and denies defendant's requested relief.

## BACKGROUND

### Plea Agreement

Defendant entered into an April 21, 2008 F.R.Crim.P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which defendant voluntarily agreed to plea guilty to conspiring to manufacture and distribute marijuana to violate 21 U.S.C. §§ 846, 841(a)(1). The plea agreement provided defendant's knowing and voluntary waiver of his rights to appeal "his conviction or any sentence (or the manner in which that sentence was determined" and waiver of "his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not

limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255."

By the plea agreement, defendant stipulated to "a sentence of not less than 121 months." Defendant further acknowledged that the Court must consult the Federal Sentencing Guidelines and "will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines." Defendant recognized that "the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)."

The United States of America ("Government") agreed to recommend that "defendant receive a three-level reduction in the computation of his offense level due to his acceptance of responsibility, provided that defendant qualifies for such a reduction in his interview with the probation officer."

### Sentencing

This Court conducted a July 18, 2008 sentencing hearing at which defendant acknowledged that he had a chance to review with counsel the Presentence Investigation Report and had no questions. After defendant declined to offer anything further, this Court sentenced defendant to a 96 months imprisonment and 60 months supervised release. This Court noted the 21 offense level, criminal category II, and 18 U.S.C. 3553(a) factors.

### Section 2255 Petition

On February 25, 2009, defendant filed his rambling, disconnected 2255 petition and related papers.[1] The papers claim ineffective assistance of counsel for failure to "raise deportability as a mitigating factor at sentencing or to advise Defendant of this form of relief" and "disparate sentences that result between alien and American Inmates as a consequence of immigration detainers."[2]

///

---

[1] Defendant's papers quote impertinent portions of cases, statutes and literary works, including "The Annotated Alice: Alice's Adventures In Wonderland & Through The Looking Glass."

[2] The papers raise other claims which are unsupported and inadequately briefed to render them unworthy of this Court's consideration.

2

# DISCUSSION

## Waiver

Defendant's waiver to collaterally attack his sentence with a 2255 petition precludes claims, if any, as to this Court's failure to consider or address defendant's deportability as a mitigating factor.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. When reviewing his plea in open court, defendant declined an invitation to address questions or issues. In the plea agreement, defendant agreed to a sentence "not less than 121 months." As such, defendant is barred to pursue claims as to failure to consider deportable alien or related mitigation factors. Because defendant waived his right to collaterally attack his sentence in a 2255 petition, defendant is precluded to raise such issues in a 2255 petition which do not relate to the performance of his attorney. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

## Ineffective Assistance Of Counsel

Defendant claims ineffective assistance of counsel regarding "deportability as a mitigating factor." Although his 2255 petition is unclear, defendant appears to claim that he expected a lower sentence or is disgruntled with his sentence. A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. As such, this Court scrutinizes defendant's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors.

*Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370,

4

113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

In essence, defendant appears to fault his counsel for failure to secure a lower sentence based on defendant's status as a deportable alien. As discussed below, defendant was not entitled to a downward departure based on his status as a deportable alien. Defendant offers nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that counsel's conduct prejudiced the defense. There is no evidence that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel. Defendant points to neither unreasonableness of defense counsel nor a reasonable probability of a different result, especially considering defendant's explicit agreement to a sentence "of not less than 121 months." This Court is not in a position to grant defendant a windfall and unwind defense counsel's representation of defendant. Defendant's ineffective assistance of counsel claim fails.

## Deportable Alien Status

Defendant appears to contend that this Court should have awarded him a reduction in his offense level as a deportable alien to address different treatment afforded citizens and aliens by the Bureau of Prisons.

A court may depart downward if it finds that "there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Sentencing Guidelines §5K2.0 finds departures from the stated guideline range appropriate when factors "that have not been given adequate consideration by the Commission" are present, or if "in light of the unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." The decision to depart from the relevant guideline is within the sound discretion of the

sentencing court. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996).

Generally, downward departure is discouraged due to a presumption that the Sentencing Commission, if only implicitly, considered all possible factors. *See, e.g., United States v. Restrepo*, 999 F.2d 640, 644 (2nd Cir. 1993). The United States Supreme Court has emphasized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046 (1996).

Defendant appears to contend that he is entitled to a downward departure because as a deportable alien, his sentence is more severe than it would be if he were a United States citizen. Courts have considered effects of alienage on sentencing and agree that a sentencing court should not consider immigration-related consequences that are marginal or collateral to the sentence, including hardship of deportation or ineligibility for release to a half-way house. *See, e.g., United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) ("collateral consequences from conviction are not a basis for downward departure"); *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990) ("possibility of deportation" is not an appropriate ground for departure).

The Ninth Circuit Court of Appeals has recognized that a downward departure from a stated guideline requires a district court to make findings to consider the "structure and theory" of the guidelines as a whole, bearing in mind the Commission's expectation that departures based on grounds not mentioned in the Sentencing Guidelines are infrequent. *Charry Cubillos*, 91 F.3d at 1343. A sentencing court must indicate why a departure is so unusual to fall outside the heartland of cases. *Charry Cubillos*, 91 F.3d at 1343.

Defendant offers nothing to suggest that his sentence falls outside the heartland of cases, especially considering his stipulation "to request a sentence of not less than 121 months." Defendant fails to acknowledge this Court's consideration and acceptance of the Government's U.S.S.G. §5K1.1 motion for a downward departure. Defendant fails to substantiate a sentencing error resulting from his status as a deportable alien or grounds for further downward departure.

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability. The clerk is directed to close Case No. CV F 09-0357 LJO.

IT IS SO ORDERED.

Dated:   February 27, 2009                     /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE